[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11923
Non-Argument Calendar
_____

D.C. Docket No. 4:11-cr-00043-HLM-WEJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS HERNANDEZ-NAVA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 21, 2012)

Before TJOFLAT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Luis Hernandez-Nava pled guilty to reentry of a deported alien, in violation of 8 U.S.C. §§ 1326(a), (b)(2), and was sentenced to a prison term of 24 months. He appeals his sentence, which was at the low end of the Guidelines sentence range of 24-30 months, presenting one issue: whether the sentence is unreasonable on the ground the District Court failed to account for the "overstatement" of his criminal history in the presentence report. He represents that reliable information indicated that his criminal history category of IV substantially over-represented the seriousness of his actual criminal record. He contends that, because most of his offenses were related to the fact that he was attempting to hide his illegal status in the United States, a downward departure was justified. Further, he implicitly argues that he was entitled to a downward variance because his sentence was substantively unreasonable.

We review the reasonableness of a sentence under a deferential abuse of discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.E.2d 445 (2007). The District Court was required to impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal

2

conduct.  *See* 18 U.S.C. § 3553(a)(2).  In imposing Hernandez-Nava's sentence, the court had to also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  *Id.* § 3553(a)(1), (3)-(7).

In reviewing the reasonableness of a sentence, we first ensure that the sentence is procedurally reasonable.  *Gall*, 552 U.S. at 51, 128 S.Ct. at 597.  Then, we examine whether the sentence is substantively reasonable in light of the totality of the circumstances.  *Id.*  A sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence.  *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).  We reverse only if left with the firm conviction that the District Court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.  *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*), *cert. denied*, 131 S.Ct. 1813 (2011).

If reliable information indicates that a defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure

3

may be warranted.  U.S.S.G. § 4A1.3(b)(1).  We discussed the procedure for properly departing downward under that section in *United States v. Smith*, 289 F.3d 696, 708-09 (11th Cir. 2002), a case involving a cross-appeal by the Government challenging the departure decision itself.

Generally, however, a defendant may not appeal the court's refusal to depart downward.  *United States v. Baker*, 19 F.3d 605, 614-15 (11th Cir. 1994).  A defendant may appeal the court's failure to downward depart on the ground that the court erroneously believed it lacked the authority to depart, but we will assume that the court understood it had authority to depart downward where, as here, there is no indication that it misapprehended its authority. *See id*. at 615 (erroneous belief); *United States v. Hansen*, 262 F.3d 1217, 1255 (11th Cir. 2001) (misapprehending authority).

Hernandez-Nava's 24-month sentence is reasonable in light of the record and the § 3553(a) factors.  The sentence was at the bottom of the applicable guideline range; we ordinarily expect such a sentence to be reasonable. *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).  Considering Hernandez-Nava's history and propensity for breaking the law and violating his probation, the court reasonably found that the criminal history category of IV was appropriate and not excessive in light of his criminal record.  Having given

4

considerable weight to Hernandez-Nava's criminal history and repeated violations of law, the court also did not give undue deference to the guideline range.

Finally, while the court was authorized to downwardly depart from the criminal history category of IV if it found the category substantially over-represented the seriousness of Hernandez-Nava's criminal history, the court here found such a departure unwarranted.  There was no indication that the court misapprehended its authority to depart downward, only that it concluded Hernandez-Nava's criminal history did not merit such treatment under U.S.S.G. § 4A1.3(b)(1). This decision is not reviewable in light of the foregoing.

Hernandez-Nava has not met his burden of showing that his sentence is unreasonable.  It is accordingly,

AFFIRMED.